Filed 6/16/23  Kamin v. to8 CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| MONICA KAMIN,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>TO8, LLC et al.,<br><br>　　　Defendants and Respondents. | A165290<br><br>(Humboldt County<br>Super. Ct. No. CV2100815) |

Monica Kamin filed a lawsuit against Brett Holt, Ryan Davis, and Alex Handley Phelan, alleging defendants breached an oral contract to sell her a 15 percent interest in their California limited liability company, to8, LLC.  In her operative complaint, Kamin included a cause of action for sex discrimination under Civil Code section 51.5.

Defendants filed a special motion to strike pursuant to Code of Civil Procedure section 425.16 (anti-SLAPP[1] motion), challenging Kamin's sex discrimination claim to the extent it was based on conduct consisting of communications between Kamin's attorney and defendants' attorneys occurring after she filed her lawsuit.  The trial court granted the anti-SLAPP motion.

---

[1] " 'SLAPP' is an acronym for 'strategic lawsuit against public participation.' " (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 381, fn. 1 (*Baral*).)

On appeal, Kamin contends the trial court erred because her fourth cause of action for sex discrimination is not based on the communications by counsel. We conclude the trial court correctly granted the anti-SLAPP motion and, accordingly, we will affirm.

## I. BACKGROUND

### A. *Factual Background*[2]

In August 2017, Brett Holt, a resident of Oregon, and Ryan Davis, a resident of Washington, formed defendant to8, LLC (to8), a California limited liability company. Alex Handley Phelan became a member-manager of to8 in December 2019. Holt, Davis, and Phelan agreed to invest $100,000 each into to8 and each would own one-third membership interest in the company.

In January 2018, Holt orally offered to sell 15 percent of his one-third membership interest in to8 to Kamin for $15,000. After returning from a trip abroad, Kamin accepted the offer and paid Holt $15,000, which Holt used to complete his capital contribution to to8. Kamin alleges that at the time she paid Holt, both she and Holt understood she would become a 5 percent member of to8 (based on her 15 percent share of Holt's one-third membership share).

Between 2018 and 2020, Kamin repeatedly contacted Holt requesting formal documentation of the transfer of 15 percent of his membership interest to her. Holt never provided formal written documentation of the transfer of his membership interest.

Kamin alleges to8 became "wildly successful." In April 2019, to8 made a distribution to the individual defendants and Holt transferred $8,313.65 to Kamin. In 2020, Holt distributed $63,750 to Kamin. However, since May

---

[2] All facts set forth in this factual background are taken from the allegations of the operative complaint.

2020, despite receiving "additional large distributions" from to8, Holt has refused to distribute to Kamin the amount corresponding to her membership interest in to8.

Kamin resided outside of the State of California at all times relevant to this action.

## B. Procedural Background

Kamin filed her complaint for breach of contract, breach of fiduciary duty, accounting, declaratory relief, and specific performance in June 2021. In August 2021, Kamin filed her first amended complaint (FAC), adding a cause of action for sex discrimination under Civil Code section 51.5. In her FAC, Kamin alleged defendants "have discriminated against, blacklisted, boycotted and refused to conduct business with and to contract with Plaintiff Kamin because of her sex."

Two months later, Kamin filed a second amended complaint (SAC), again alleging a cause of action for sex discrimination under Civil Code section 51.5. The sex discrimination claim in her SAC was based on similar allegations as the FAC, except Kamin added an allegation that "Such discrimination commenced in the year 2018 and continues to the date of this Second Amended Complaint and beyond." Immediately after that sentence, she added the following three sentences at issue in this appeal: "For example, on September 11, 2021, when Plaintiff Kamin was in California, her attorney, on her behalf, demanded of the Defendants by letter to the Defendants' attorney, that the Defendants honor the contract that Defendant Holt had made with Plaintiff Kamin, recognize her as a member of to8 (or in the alternative, recognize her as a holder of a transferable interest) and render to Plaintiff Kamin all amounts due to her. Defendants again refused to honor the contract and to recognize Plaintiff Kamin's rights. On

3

September 12, 2021, Defendants' attorney on behalf of the Defendants confirmed and repeated their refusals to honor their obligations and perform their duties."

Defendants filed an anti-SLAPP motion seeking to strike the three sentences, contending the conduct described therein falls squarely within the scope of Code of Civil Procedure[3] section 425.16, subdivision (e) and Kamin cannot show a probability of prevailing on the merits of her claim because the alleged conduct falls within the litigation privilege established by Civil Code section 47.[4]

The trial court granted the special motion to strike, striking the three sentences from Kamin's cause of action for sex discrimination. Kamin timely appealed.

## II. DISCUSSION

The anti-SLAPP statute authorizes a special motion to strike meritless claims early in the litigation if the claims "aris[e] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1); *Monster Energy Co. v. Schecter* (2019) 7 Cal.5th 781, 788 (*Monster Energy*).) " 'Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.' "

[3] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[4] Defendants also filed a motion to strike certain allegations from the SAC under sections 435 and 436, and a demurrer to the fourth cause of action, which are not at issue in this appeal.

4

(*Monster Energy*, at p. 788.) If the plaintiff makes a showing of " ' "minimal merit," ' " the claim may proceed. (*Ibid*.)

We review de novo the grant or denial of an anti-SLAPP motion. (*Monster Energy*, *supra*, 7 Cal.5th at p. 788.)

On appeal, Kamin contends the trial court erred in granting the anti-SLAPP motion because her claim for sex discrimination is not based on protected activity, but on the discriminatory acts of defendants in refusing to contract with her. Accordingly, she contends, section 425.16 does not apply to her claim and the special motion to strike should have been denied.

Under step one of the anti-SLAPP analysis, we determine whether defendants have shown that Kamin's claim arises from an act in furtherance of defendants' right to petition, i.e., protected activity. (§ 425.16, subd. (b)(1); *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).) "A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062 (*Park*).) "Critically, 'the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.' [Citations.] . . . [T]he focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' " (*Id.* at p. 1063.)

A challenged cause of action may arise from both protected and unprotected activity, i.e., a " 'mixed cause of action.' " (*Baral, supra,* 1 Cal.5th at p. 381.) "When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded [at the first step of the anti-SLAPP analysis]. If the court determines that relief is sought based on allegations arising from activity protected by the statute,

5

the second step is reached. There, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." (*Id*. at p. 396.)

Defendants' anti-SLAPP motion challenged Kamin's sex discrimination claim to the extent it was based on communications between counsel for the parties after Kamin had filed her lawsuit. In her SAC, Kamin alleged: "Defendants have discriminated against, blacklisted, boycotted and refused to conduct business with and to contract with Plaintiff Kamin because of her sex. Such discrimination commenced in the year 2018 and continues to the date of this Second Amended Complaint and beyond. *For example, on September 11, 2021, when Plaintiff Kamin was in California, her attorney, on her behalf, demanded of the Defendants by letter to the Defendants' attorney, that the Defendants honor the contract that Defendant Holt had made with Plaintiff Kamin, recognize her as a member of to8 (or in the alternative, recognize her as a holder of a transferable interest) and render to Plaintiff Kamin all amounts due to her. Defendants again refused to honor the contract and to recognize Plaintiff Kamin's rights. On September 12, 2021, Defendants' attorney on behalf of the Defendants confirmed and repeated their refusals to honor their obligations and perform their duties*." (Italics added.) Under a plain reading of the italicized language, Kamin alleges the communications between her attorney and defendants' counsel on September 11 and 12, 2021 constituted at least one of the acts of discrimination on which her complaint is based.

Kamin argues, however, that her sex discrimination claim does *not* arise from the communication by defendants' attorney, but is based on defendants' actions—i.e., defendants' refusal to do business with Kamin, recognize her as a member of to8, and pay out her share of the distributions

6

made to the other individual defendants. The e-mail from defendants' counsel, she contends, "is simply a factual statement giving evidence of another act—the illegal act of sex discrimination."

"A 'claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.' [Citation.] To determine whether a claim arises from protected activity, courts must 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.' [Citation.] Courts then must evaluate whether the defendant has shown any of these actions fall within one or more of the four categories of ' "act[s]" ' protected by the anti-SLAPP statute." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884.)

Kamin's claim for sex discrimination is based on Civil Code section 51.5, subdivision (a), which provides, in relevant part: "No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with *any person in this state* on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51 . . . because the person is perceived to have one or more of those characteristics . . . ." (Italics added.) Civil Code section 51, subdivision (e)(5) states, in part, that " '[s]ex' . . . includes, but is not limited to, a person's gender."

Under the plain language of the statute, businesses are prohibited from discriminating against "any person in this state." (Civ. Code, § 51.5, subd. (a).) In the SAC, Kamin expressly alleges she was "an individual who at all times relevant to this Complaint resided outside the State of California." The only allegation in the SAC supporting the element of her

7

claim that she is "a person in this state" is the allegation that "on September 11, 2021, *when Plaintiff Kamin was in California*, her attorney, on her behalf, demanded of the Defendants by letter to the Defendants' attorney, that the Defendants honor the contract" that Holt made with Kamin, recognize her as a member, and pay her the amounts due to her. (Italics added.) Kamin then alleges that defendants "refused to honor the contract and to recognize [her] rights" and that in response to the e-mail from her attorney, "Defendants' attorney on behalf of the Defendants confirmed and repeated their refusals to honor their obligations and perform their duties." Thus, the only alleged conduct by defendants when Kamin was "in this state" is the communication from defendants' counsel, sent after Kamin had filed her lawsuit, directly related to the claims asserted in the lawsuit. Because those allegations supply an essential element of her claim, the conduct described therein forms, at least in part, the basis for liability.

The communications between counsel clearly are protected activity within the meaning of section 425.16, subdivision (e)(2). Written statements made by an attorney in connection with an issue under consideration by a judicial body are petitioning activity protected by the anti-SLAPP statute. (§ 425.16, subd. (e)(2).) "An attorney's communication with opposing counsel on behalf of a client regarding pending litigation directly implicates the right to petition and thus is subject to a special motion to strike." (*GeneThera, Inc. v. Troy & Gould Professional Corp.* (2009) 171 Cal.App.4th 901, 908; *Cabral v. Martins* (2009) 177 Cal.App.4th 471, 480 ["all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute"].)

Here, defendants met their prima facie burden to show the communications from counsel for the parties were protected activity within the meaning of section 425.16, subdivision (e)(2). The e-mails constituting the correspondence were attached as exhibits to the declaration of defendants' counsel, filed in support of the anti-SLAPP motion. In the September 11, 2021 e-mail, Kamin's counsel states: "I am writing on behalf of Monica Kamin, who is now in the State of California. Ms. Kamin demands that to8, Alex Phelan, Brett Holt, and Ryan Davis recognize Ms. Kamin as a member of to8, or at a minimum, a holder of a transferable interest, and they recognize and honor the contractual rights of Ms. Kamin under her contract with Mr. Holt, Ms. Kamin's rights under the to8 operating agreement, and Ms. Kamin's rights under the California Revised Uniform Limited Liability Company Act. [¶] Please reply expeditiously. The defendants' refusal to reply expeditiously is in fact a refusal of Ms. Kamin's request." The following day, September 12, counsel for defendants sent two e-mails to Kamin's counsel. One e-mail, titled "Meet and confer re demurrer," addressed defendants' position regarding the viability of Kamin's fourth cause of action for sex discrimination under Civil Code section 51.5. The second e-mail, titled "Demand to comply with contract," responds to Kamin's counsel's September 11 e-mail. It states, among other things, that each of Kamin's demands "is, as she acknowledges it has already been, denied." The e-mails, all of which were sent during the litigation between the filing of the FAC and the SAC, clearly pertain to the claims asserted in Kamin's lawsuit.

Kamin argues section 425.16 does not apply where protected conduct is " 'merely incidental' " to unprotected conduct, or where a cause of action is " 'triggered' by protected activity" but not arising from it. She does not, however, explain how those principles apply in this case. As we have

9

discussed above, in her SAC, Kamin expressly alleges the communications between counsel constitute an "example" of the discrimination she suffered and are the only alleged acts that took place when Kamin was in California.[5]

In her reply brief, Kamin relies on *Park, supra*, 2 Cal.5th at page 1065 to argue that defendants have "ignored the 'distinction between speech that provides the basis for liability and speech that provides evidence of liability,' " asserting that counsel's e-mail "communications are simply evidence of [defendants'] underlying illegal behavior on the basis of sex." In *Park*, a tenure-track assistant professor sued California State University, Los Angeles, for national origin discrimination after his application for tenure was denied. (*Id.* at p. 1061.) The university argued the suit arose from protected communications that led up to and followed the decision to deny him tenure. (*Ibid.*) Our Supreme Court concluded the trial court had properly denied the anti-SLAPP motion because the elements of the plaintiff's discrimination claim depended not on the plaintiff's grievance proceeding or any statements about or evaluations of him in the tenure process, but only the denial of tenure itself and whether the motive for that action was impermissible. (*Id.* at p. 1068.) The oral and written communications relaying the tenure decision and comments by the dean

_____

[5] Kamin relies on *Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, but that case is inapposite. *Jespersen* was an attorney malpractice case in which an attorney defendant had filed a declaration in support of a section 473 motion to set aside her client's default, conceding that she disobeyed the trial court's discovery order. (*Jesperson*, at pp. 631–632.) The appellate court concluded the anti-SLAPP statute did not apply because the attorney defendant was not being sued for filing a declaration in court admitting her malpractice, but for failing to comply with a discovery statute. (*Jesperson*, at p. 632.) Here, by contrast, the communications by the attorneys are alleged as conduct supporting Kamin's claim for sex discrimination while she was in the State of California.

evidencing animus in that case were not the activities giving rise to the cause of action, and thus not the basis for liability. (*Ibid*.) As the *Park* court noted, " 'Plaintiff could have omitted allegations regarding communicative acts or filing a grievance and still state the same claims.' " (*Ibid*.)

Here, by contrast, the communications between counsel during the pendency of the lawsuit about Kamin's claims were the only acts alleged in the operative complaint that occurred in California. As Kamin recognizes, in ruling on the first step of an anti-SLAPP motion, "courts are to 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.' " (*Bonni*, *supra*, 11 Cal.5th at p. 1009; *Park*, *supra*, 2 Cal.5th at p. 1063.) As we have discussed above, and as Kamin also acknowledges, a plaintiff must allege facts showing discrimination occurred in California as an element of a Civil Code section 51.5 claim. The only activity alleged that meets that element is the allegation that defendants, in their communications through counsel during the pendency of the lawsuit, refused a demand from Kamin's counsel (sent while she was in California) to honor their contract and pay her what she asserted was due. As such, defendants' protected conduct was a basis for the Civil Code section 51.5 claim, and "not just evidence of liability or a step leading to some different act for which liability is asserted." (*Park*, at p. 1060.) Accordingly, the trial court did not err in concluding Kamin's claim, to the extent it was based on the communications between counsel, arose from protected activity.

We find similarly unpersuasive Kamin's argument that the trial court erred in granting defendants' motion because it "assum[ed]" it could not consider the September 12 e-mail for any purpose in the litigation. First, as Kamin acknowledges, the trial court's reasoning is not apparent on this

11

record. Second, it is not pertinent because our review is de novo. Third, whether the e-mails are admissible for some evidentiary purpose (such as to prove defendants' state of mind) is irrelevant to the question we must answer under the first step of the anti-SLAPP analysis—whether Kamin's cause of action for sex discrimination is based on conduct protected under section 425.16.

Finally, we reject Kamin's cursory argument that section 425.16 does not apply because Attorney David Carman (defendants' counsel) is not a party to the action. Relying solely on the language in section 425.16, subdivision (b)(1) that the anti-SLAPP statute applies to a cause of action against "a person" arising from any act of "that person" in furtherance of "the person's" right of petition, Kamin contends that because defendants' counsel, not defendants, wrote the September 12 e-mail, the anti-SLAPP statute does not apply. As Kamin admits elsewhere in her opening brief, however, the relationship of attorney and client is an agency relationship. Kamin's contention that communicative conduct by an attorney on behalf of a client is not protected conduct under the anti-SLAPP law because the communication was not written by the client finds no support in the law. (See, e.g., *Wentland v. Wass* (2005) 126 Cal.App.4th 1484, 1495 [relationship between attorney and client is one of agent and principal]; *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 (*Rusheen*) [communicative conduct, including qualifying acts committed by attorney in representing clients in litigation, is protected under anti-SLAPP law]; *Cabral v. Martins, supra,* 177 Cal.App.4th at pp. 479–480 [communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding are protected as petitioning activity].)

In sum, we conclude the trial court correctly concluded Kamin's sex discrimination claim arises in part from protected conduct and properly

12

struck her allegations based on communications between counsel in September 2021. Because Kamin does not argue on appeal that her claim has minimal merit, we need not address that issue.[6]

## III. DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs on appeal.

---

[6] Were we to address it, we would conclude the claim is barred by the litigation privilege and, thus, Kamin cannot show a probability of prevailing. (Civil Code, § 47, subd. (b); *Rusheen*, *supra*, 37 Cal.4th at p. 1057 [litigation privilege generally applies to any communication made in a judicial or quasi-judicial proceeding, by participants authorized by law, to achieve the objects of the litigation, that have some connection or logical relation to the action]; *Flickinger v. Finwall* (2022) 85 Cal.App.5th 822, 840 [plaintiff cannot show probability of prevailing on the merits where cause of action is barred by litigation privilege].)

13

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A165290
*Kamin v. to8, LLC*

14